**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
_____4 AP___LMM__ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
_____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Cristina M Santos_____ JOINT DEBTOR:_____ CASE NO.: 14-11264 RAM_____
Last Four Digits of SS# __xxx-xx-8323___    SS#_____

This document is a plan summary. Additional data on file in clerk's office attached to original plan.

**MONTHLY PLAN PAYMENT:** Including trustee's fee not to exceed 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for a period of __36__ months:
    A.    $2060.00____ for months __1___ to _12_
    B.    $ 2029.45____ for months __13__ to _36_
    C.    $_____ for months _____ to _____; in order to pay the following creditors:

Administrative:    Attorney's Fee - $ 3000.00 TOTAL PAID $1500.00_
                        LMM Fee-      $1800.00_ Total Paid $ 900.00___
                        Balance Due    $ 2400.00_ payable $ 200.00_ /month (Months _1_ to _12_ )

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. City Ntl Bk/Ocwen Loan Service_____    Arrearage on Petition Date $ N/A_____
c/o Cashiering Dept.                                 Arrears Payment $ N/A_____ /month (Months _____ to _____)
1661 Worthington Rd., Ste 100                LMM Payment $ 1643.00____ /month (Months ___1___ to __36__ )
West Palm Beach, FL 33409

2._____    Arrearage on Petition Date $
                                        Arrears Payment $_____/month (Months _____ to _____)
                                        Regular Payment $_____/month (Months _____ to _____)

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR
CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION (UTILIZING LOCAL FORM "MOTION TO VALUE COLLATERAL IN PLAN") WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3 (AS MODIFIED BY AO 04-5).**

| Secured Creditor | Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  | $ |  |  | to |  |
|  | $ | % | $ | _____ To |  |
|  | $ | % | $ | _____ To |  |

Priority Creditors: [including non-dischargeable debts paid 100% in plan]

1._____-_____ Total Due $
                                 Payable $_____/month (Months_____ to ___) Regular Payment $
2._____ Total Due $
                                 Payable $_____/month (Months_____ to ___) Regular Payment $

Unsecured Creditors:    Pay $ 11.00____/month (Months __1__ to _12_)
                                Pay $ 183.50___/month (Months __13__ to _36_ )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date

Other Provisions Not Included Above:

The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.

The Debtor has filed a Verified Motion for Referral o LMM with City Ntl Bk/Ocwen Loan Service, ("Lender"), loan number
LF-31 (rev. 03/11/04)

7140176301 for real property located at 12495 SW 197 Ave, Miami, FL 33196. The parties shall timely comply with all requirements of the Order Referral to LMM and all administrative Orders/Local Rules regarding LMM.

While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payment shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modfy the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have to amend its Poof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to real property being surrendered. Notwithstanding the foregoing, Lender may filed a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Cristina M Santos | _____ |
|---|---|
| Debtor | Joint Debtor |
| Date: 05/20/2014 | Date:_____ |

LF-31 (rev. 03/11/04)